UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WINSTON ENNIS

        Plaintiff,

  -against-

ABSOLUTE HOME HEALTH CARE, INC.

        Defendant.
---------------------------------------------------------------x

**AFFIDAVIT**

Index No. 05 Civ 1494
(CBA)(RLM)

STATE OF NEW YORK    )
                                  )SS
COUNTY OF WESTCHESTER  )

        RICHARD A. LEVIN, being duly sworn, deposes and says:

        1.    I am Of Counsel to the firm of Keane & Beane, P.C., attorneys for the Defendant, Absolute Home Health Care, Inc. ("Absolute"), in this matter. I submit this Affidavit in response to Plaintiff's motion for permission to proceed in this matter as a collective action under 29 U.S.C. §216(b) on behalf of similarly situated persons, and to approve Plaintiff's proposed Notice of Collective Action and Consent to Sue form.

        2.    Defendants do not, in any way, concede any violation of the Fair Labor Standards Act with regard to Plaintiff, Winston Ennis, or any other person who may be similarly situated. To the contrary, Defendant asserts that Mr. Ennis, and, by extension, anyone who is similarly situated to him, is an independent contractor, and, therefore, excluded from the coverage of the Fair Labor Standards Act. However, we also recognize that the statute permits other, similarly situated individuals to opt to join Mr. Ennis in this matter. Accordingly, we do not object to permitting this matter to proceed, at least at this preliminary stage, as a collective action on behalf of those purportedly similarly situated individuals – i.e. those persons who were referred by Absolute to work as Licensed Practical Nurses ("LPNs") at CABS Nursing Home–

subject to Defendant's right to challenge the "similarly situated" status of any individual who joins the action, after appropriate discovery. In this regard, we note that, to the extent that Plaintiff has proffered evidence concerning any other individuals, they were all persons referred by Absolute to work as LPNs at CABS Nursing Home. See, e.g. Paragraph 3 of the September 27, 2005, Affirmation in support, submitted by Richard S. Corenthal.

3. In this regard, I have reviewed the proposed FLSA Notice of Collective Action submitted for the Court's consideration by Plaintiff's counsel. While that proposed Notice is generally, acceptable, we propose the following revisions:

- Delete all references to facilities other than CABS Nursing Home, as Plaintiff has not produced any evidence from which the Court could even infer that persons referred by Absolute to any facility other than CABS Nursing Home are or were similarly situated to Mr. Ennis.

- In §3, change the date in the last line to March 24, 2003, because there is a two-year statute of limitation on claims under the FLSA (29 U.S.C. §255(a)), and, as this notice relates to the potential "opt-in" of FLSA claims, only those claims which arose, if at all, within the applicable limitations period may be considered.

4. With these modifications, Defendant does not oppose the motion.

RICHARD A. LEVIN

Subscribed and sworn to before me
this 12th day of October, 2005.

_____
Notary Public

MARIANNE QUATTROCIOCCHI
Notary Public, State of New York
No. 4995957
Qualified in Westchester County
Commission Expires May 4, ~~199~~

3537/01/288096 V1  10/12/05

-2-

206