**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**WINSTON ENNISS,**

                       **Plaintiff,**                     **MEMORANDUM AND ORDER**

            **-against-**                                **05-CV-1494 (CBA)**

**ABSOLUTE HOME HEALTH**
**CARE, INC.,**

                       **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a letter-request from plaintiff's counsel, dated April 18, 2006 ("4/18/06 Pl. Letter"), seeking (1) reconsideration of this Court's Memorandum and Order of January 10, 2006 ("M&O"), wherein the Court overruled plaintiff's objection to a request by counsel for defendant Absolute Home Health Care, Inc. ("Absolute") to include in the FLSA Notice of Collective Action a paragraph summarizing Absolute's opposition to plaintiff's claims; and (2) authorization to send additional collective action notices to all LPNs referred by Absolute "to nursing homes and other health care facilities, including defendants Marcus Garvey Nursing Home, Ruby Weston Manor Nursing Home and C.A.B.S. Nursing Home ["C.A.B.s"]." 4/18/06 Pl. Letter at 2.

Plaintiff's motion for reconsideration is denied as untimely. Plaintiff had 10 days from January 10, 2006 in which to file a motion for reconsideration. See Local Civ. P. 6.3.[1] Plaintiff chose not to do so until three months later, after the prior collective action notice

---

[1] Alternatively, within the same 10-day time frame, plaintiff could have filed an objection with the District Court.

generated little response. In these circumstances, the Court is not prepared to overlook plaintiff's tardiness.

In any event, the argument made by plaintiff in his motion for reconsideration was considered and rejected by the Court in its January 10th Memorandum and Order. See M&O at 1 (citing cases and noting that other courts in this Circuit "have approved similar language in notices of collective action."). The Court will not authorize a second round of notices to LPNs who worked at C.A.B.s.

Plaintiff's request to send notice to LPNs who were referred by Absolute to facilities other than C.A.B.s is denied without prejudice. As a threshold matter, plaintiff is required to demonstrate that potential class members are "similarly situated." Plaintiff's counsel's conclusory (two-sentence) assertion, in an unsworn letter to the Court,[2] is insufficient to sustain that burden.[3] Plaintiff may reapply for authorization after either (a) taking additional discovery[4] and making a proper showing to the Court, or (b) obtaining a stipulation from all defense counsel.

**SO ORDERED.**

**Dated:    Brooklyn, New York
           April 27, 2006**

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**

---

[2] See 4/18/06 Letter at 2-3.

[3] Plaintiff's vague assertion that Absolute has provided a "limited and inadequate response" to plaintiff's request for information regarding other facilities (id. at 2) does not relieve plaintiff of its evidentiary burden.

[4] The Court has, on this date, so-ordered the parties' proposed discovery schedule.